IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| City of Philadelphia | : | |
| | : | |
| v. | : | |
| | : | |
| Ronald E. Pinder and Golden | : | |
| Pinder and Second Consumer | : | |
| Discount Company | : | |
| | : | |
| v. | : | |
| | : | |
| Carlos Matos | : | |
| | : | No. 1105 C.D. 2023 |
| Appeal of: Carlos Matos | : | Submitted: July 7, 2025 |

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge
HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                          FILED: August 6, 2025

Carlos Matos (Matos) appeals from an order of the Court of Common Pleas of Philadelphia County (Trial Court) that denied his motion to set aside a sheriff's sale. Also before this Court is an application for relief filed by Intervenor/ Appellee Bid Properties, LLC (Bid Properties) in the form of a motion for dismissal of Matos's appeal as moot. Upon review, we grant Bid Properties' application for relief and dismiss the appeal as moot.

## I. Background

Ronald E. Pinder and Golden Pinder owned a vacant lot at 109 West Cumberland Street (Property) in the City of Philadelphia (City). Ronald E. Pinder died in 1997 and Golden Pinder died in 2002. Reproduced Record (RR) at 17a, 28a,

89a & 103a. Following Ronald E. Pinder's death, the real estate taxes and other charges on the Property went unpaid for the next decade. *Id.* at 14a-15a & 17a-19a. At length, in 2017, the City filed a tax lien petition at Docket Number 1707T0833 seeking leave of court to expose the Property to a sheriff's sale free and clear of liens. *Id.* at 8a-11a. The named defendants were Ronald E. Pinder and Golden Pinder, who were still listed as the record owners of the Property, and Second Consumer Discount Company.[1] *Id.* at 8a. On January 9, 2018, the Trial Court issued a final order directing the sale of the Property free and clear of liens. *Id.* at 25a-27a. On June 19, 2018, the Property was sold at a sheriff's sale to Bid Properties, LLC (Bid Properties). *Id.* at 35a, 41a, 58a-59a, 97a-99a, 166a & 192a. The sale was promptly recorded and docketed in the Office of Judicial Records for Philadelphia County on June 26, 2018. *Id.* at 166a.

Meanwhile, in December 2017, Matos, who owns and lives on the adjacent lot, sought title to the Property in the Trial Court by adverse possession in an action against Golden Pinder (who, as stated above, had been deceased since 2002) at Docket Number 171100239. Original Record (OR) at 76.[2] No one filed any response, and on February 1, 2018, the Trial Court entered an order granting Matos title to the Property. *Id.*; RR at 48a. The order expressly stated that Matos could record the order to document his title "without payment of transfer tax or fees." RR at 48a. He did not do so, however, until more than nine months later, on November 28, 2018. *Id.* at 48a, 59a & 77a. The original record contains no

---

[1] The record does not identify Second Consumer Discount Company. Presumably it held a lien on the Property.

[2] For ease of reference, page numbers of the original record herein refer to electronic numbering.

explanation for Matos's delay in recording the order documenting his title. *See generally* OR.

In February 2021, Bid Properties filed an ejectment action against Matos in the Trial Court at Docket Number 210202429 seeking to quiet title to the Property. *See* RR at 60a & 192a-93a. On April 24, 2023, nearly five years after the sheriff's sale, Matos filed a petition to intervene in the instant action in order to seek to have the sheriff's sale set aside. *Id.* at 40a-42a. The Trial Court granted intervention by order dated April 25, 2023. *Id.* at 3a & 51a. Matos then requested and was granted leave to file his motion in the instant action seeking to have the 2018 sheriff's sale set aside. *Id.* at 193a. After Matos filed his motion to set aside the sheriff's sale, the Trial Court postponed the trial in the separate ejectment action pending the outcome of the motion to set aside the sheriff's sale. *Id.* at 60a & 78a.

On August 21, 2023, the Trial Court held a hearing on Matos's motion to set aside the sheriff's sale. RR at 185a-97a. The hearing consisted mainly of arguments by counsel. *See generally id.* The only evidence was the following narrative testimony by Matos through a colloquy with the Trial Court in which Matos denied that the Property had been posted with notice prior to the 2018 sheriff's sale[3] and attempted, unsuccessfully, to justify to the Trial Court his five-year delay in seeking to set aside the sheriff's sale:

> THE COURT: . . . I have an issue with the untimeliness of this petition. It is not excusable. It's apparent to me that Mr. Matos knew full well of the tax issue and did have notice. Otherwise, he would not have brought it up in the ejectment action. Why wait until now? It's too late, too long. It's denied. I will give you a copy of the order.

---

[3] The reproduced record, however, contains documentation of the City's posting of the Property. *See* RR at 2a, 22a, 24a, 29a, 85a, 90a, 123a, 173a, 177a, 184a & 192a.

. . . .

[MATOS]: May I address the Court, Your Honor?

THE COURT: Yes. You're entitled to speak and to testify if you wish.

[MATOS]: Yes. I have been working with my community for over 50 years. I had counsel look up the sales and other stuff, and I learned that you can get the property through eminent domain.[4]

I wish you could see a picture of the yard, Your Honor. This lot is right in the middle of the rest of the lots. I own like one lot, the City one lot, and that's right in the middle of my yard.

When I get eminent domain for these properties, all of a sudden people are putting them up for sheriff sale. I don't understand that.

But I will tell you this, Your Honor. They never posted anything, because if they would have posted it, I would have immediately dealt with it. Trust me when I tell you that, Your Honor.

Then there was Covid [sic] and everything going on. Every time you try to get something done, you couldn't get it done because people were not working, and this and that. Then I got [legal counsel], and he got sick.[5]

I've been trying to deal with this for a long time. I even called the sheriff and they say you have to do this and do that and whatever. I don't know anything about the court system.

---

[4] There is no eminent domain involved in this matter. Matos was presumably referring to his adverse possession action.

[5] Matos first retained an attorney in 2021. RR at 189a (statement to the Trial Court by current counsel). That first attorney "had a stroke at some point, and there was [] a whole year where [Matos] didn't do much of anything." *Id.* Current counsel was retained in late 2022. *Id.*

But I guarantee you one thing for certain and two for sure. I would like to see where they posted the sign. They say they did, but they have not, Your Honor. I walk through that yard every day. If somebody would have posted something, I would have seen it and reacted to that. You have a year to claim the property. I would have certainly reacted to that, but there was nothing there, Your Honor.

And I didn't find out until like a year or something later. That's when we got a lawyer and tried to deal with it. But because of all the different situations, I was denied my right to participate in my defense.

THE COURT: If you had complained in a timely manner, we could have done something.

THE WITNESS: I tried to, Your Honor.

THE COURT: No. The record reflects that you did not.

THE WITNESS: I don't know. All I can tell you is that I tried, Your Honor.

*Id.* at 194a-97a.

Following the hearing, on the same day, the Trial Court entered an order denying Matos's motion to set aside the sheriff's sale. RR at 4a, 145a & 167a. On September 19, 2023, Matos filed a notice of appeal to this Court.

On September 18, 2023, the day before Matos filed his notice of appeal in the instant action, the Trial Court conducted the trial in the separate ejectment action. *See* Motion of Bid Properties to Dismiss Appeal as Moot, Ex. D; Br. of Bid Properties, Appendix D.[6] On June 26, 2024, the Trial Court entered the following order in the ejectment action:

---

[6] The order entered in the ejectment action is not part of the original Trial Court record in this matter, and attaching a document to a brief does not make it part of the record. *See B.K. v. Dep't of Pub. Welfare*, 36 A.3d 649, 657 (Pa. Cmwlth. 2012). Nonetheless, the order is also attached as an exhibit to Bid Properties' motion in this Court seeking dismissal of this appeal as

AND NOW, on this 26th day of June, 2024, this court orders as follows:

Having heard the above-caption[ed] matter in its entirety at a trial on September 18, 2023 and having read the parties' submissions on Findings of Facts and Conclusions of Law as well as the transcript from the trial, this Court finds in favor of the Plaintiff BID [sic] Properties, LLC and against Defendant Carlos Matos Jr. and Unknown Occupant [] vis a vis the [P]roperty located at 109 W. Cumberland Ave, Philadelphia, PA. Mr. Matos Jr. and the Unknown Occupant of 109 W. Cumberland Ave, Philadelphia, PA are ejected from the property forthwith. The Defendant's alleged title to the property by adverse possession is a nullity.

Motion of Bid Properties to Dismiss Appeal as Moot, Ex. D; Br. of Bid Properties, Appendix D. Thereafter, following the expiration of the appeal period from the order in the ejectment action, Bid Properties filed an application for relief in this Court in the form of a motion to dismiss Matos's instant appeal as moot. Matos filed an answer to the motion, opposing dismissal but, *inter alia*, admitting that he did not appeal from the order entered in the ejectment action. Matos suggested that the ejectment order declaring the adverse possession order a nullity had nothing to do with quieting title but, rather, merely meant that the adverse possession order had no importance in the ejectment action. On November 25, 2024, this Court entered an

---

moot. Moreover, to the extent necessary, this Court will take judicial notice of the ejectment action order as a development in a related proceeding. *See Russo v. Allegheny Cnty.*, 125 A.3d 113, 115 n.3 (Pa. Cmwlth. 2015), *aff'd per curiam*, 150 A.3d 16 (Pa. 2016) (taking judicial notice of an order dismissing a complaint in a related proceeding); *Lycoming Cnty. v. Pa. Lab. Rels. Bd.*, 943 A.2d 333, 335 n.8 (Pa. Cmwlth. 2007) (observing: "It is well settled that this Court may take judicial notice of pleadings and judgments in other proceedings . . . . This is particularly so where . . . the other proceedings involve the same parties.") (additional citations omitted).

Order, *per curiam*, directing disposition of the motion to dismiss along with the merits of the appeal.[7]

## II. Discussion

Matos raises several issues on appeal, mainly asserting lack of authority for the City to conduct the sheriff's sale after Matos had received an order for adverse possession. We conclude, however, that the mootness issue raised by Bid Properties is dispositive.

"[A] case is moot if there is no actual case or controversy in existence at all stages of the controversy." *Phila. Pub. Sch. Notebook v. Sch. Dist. of Phila.*, 49 A.3d 445, 448 (Pa. Cmwlth. 2012) (citing *Pap's A.M. v. City of Erie*, 812 A.2d 591, 599 (Pa. 2002)); *see also Phila. Pub. Sch. Notebook*, 49 A.3d at 448 (explaining that "[a] controversy must continue through all stages of judicial proceedings, trial and appellate, and the parties must continue to have a personal stake in the outcome of the lawsuit. Courts will not enter judgments or decrees to which no effect can be given") (quoting *Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004) (additional quotation marks omitted)). "An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law." *In re Cain*, 590 A.2d 291, 292 (Pa. 1991); *see also Phila. Pub. Sch. Notebook*, 49 A.3d at 448 (explaining that "[m]ootness problems arise in cases involving litigants who clearly had one or more justiciable matters at the outset of the litigation, but events or changes in the

---

[7] This Court's *per curiam* Order also struck, as unauthorized, a brief filed by Matos in opposition to dismissal. This Court cited Pennsylvania Rule of Appellate Procedure 123, Pa.R.A.P. 123, which provides only for the filing of an application for relief and an answer to the application.

facts or the law occur which allegedly deprive the litigant of the necessary stake in the outcome after the suit is underway").

In *Northern Forests II, Inc. v. Keta Realty Co.*, 130 A.3d 19 (Pa. Super. 2015),[8] a trial court entered a default judgment for adverse possession after the named defendants failed to answer the complaint. More than two decades later, third parties asserted ownership and sought to strike the judgment for failure to join them as indispensable parties. The trial court struck the judgment as void *ab initio*. The plaintiff then filed an amended complaint alleging adverse possession based on the original default judgment. The trial court dismissed the amended complaint. On appeal, the Superior Court affirmed the dismissal, explaining that

> a void judgment . . . is a legal nullity that has no force and effect. *First Seneca Bank v. Greenville Distrib*[.] *Co*[.], . . . 533 A.2d 157, 162 (Pa. Super.1987) ("a void judgment is not entitled to the respect accorded to, and is attended by none of the consequences of, a valid adjudication. Indeed, a void judgment need not be recognized by anyone, but may be entirely disregarded or declared inoperative by any tribunal in which effect is sought to be given to it. It has no legal or binding force or efficacy for any purpose or at any place. It cannot affect, impair, or create rights, nor can any rights be based thereon"). Under this broad precept, [the plaintiff] cannot exploit the void . . . judgment for any purpose . . . .

*Id.* at 37. We find the Superior Court's reasoning on this issue persuasive and apply it in this appeal.

Here, in June 2024, during the pendency of this appeal, the Trial Court entered a final order in the separate ejectment action declaring the 2018 adverse possession order in favor of Matos to be a nullity. Matos's ostensible authority to

---

[8] Although not binding on this Court, opinions of the Superior Court may be cited for their persuasive value where they address analogous issues. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

assert title to the Property in order to challenge the sheriff's sale ended when the Trial Court entered that final order against him in the separate ejectment action and he did not appeal from that order.[9] Accordingly, Matos no longer has any interest in the Property, and his appeal of the Trial Court's refusal to set aside the sheriff's sale is moot.

### III. Conclusion

Based on the foregoing discussion, we grant Bid Properties' motion to dismiss Matos's appeal as moot.[10]

_____

CHRISTINE FIZZANO CANNON, Judge

---

[9] We reject, as facially meritless, Matos's assertion that the ejectment order did not affect title and merely meant that the adverse possession order had no importance in the ejectment action.

[10] Because we conclude that Matos's appeal is moot, we need not reach Matos's substantive claims. Even were this Court to reach the question of authority to conduct the sale, we would not reverse the Trial Court's order. "[A] petition to set aside a sheriff sale is an equitable proceeding, governed by equitable principles." *Allegheny Cnty v. Golf Resort, Inc.*, 974 A.2d 1242, 1245 (Pa. 2009) (citing *Doherty v. Adal Corp.*, 261 A.2d 311 (Pa. 1970)); *see also Capozzi v. Antonoplos*, 201 A.2d 420, 422 (Pa. 1964) (explaining that, unless a petition to set aside a sheriff's sale is filed before delivery of the sheriff's deed to the purchaser, "relief should be sought through an action in equity or other appropriate action"). "Appellate review of equitable matters is limited to a determination of whether the trial court committed an error of law or abused its discretion." *Golf Resort*, 974 A.2d at 1245 (citing *Sack v. Feinman*, 413 A.2d 1059 (Pa. 1980)). Here, the Trial Court found the City complied with all notice requirements for the sale and was without any information suggesting that Matos had acquired ownership. We observe that the City's lack of information was partly, if not wholly, due to Matos's own failure to record the order purporting to grant him ownership of the Property. In seeking to set aside the sheriff's sale, Matos seeks equitable relief, as explained above. However, he came to the Trial Court with unclean hands. Matos inexplicably delayed for more than nine months in recording the Trial Court's February 1, 2018 order granting him title by adverse possession. In addition, the colloquy quoted above indicates that the Trial Court found Matos had not provided a satisfactory explanation for waiting more than five years after the sheriff's sale before seeking to set that sale aside. We discern no abuse of discretion in the Trial Court's decision and, therefore, no basis to reverse the Trial Court's order refusing to set aside the sheriff's sale.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia                     :

v.                   :

Ronald E. Pinder and Golden     :
Pinder and Second Consumer    :
Discount Company              :

v.                   :

Carlos Matos                   :
                              : No. 1105 C.D. 2023

Appeal of: Carlos Matos      :

# **O R D E R**

AND NOW, this 6th day of August, 2025, the application for relief of Intervenor/Appellee Bid Properties, LLC is GRANTED, and the appeal is DISMISSED AS MOOT.

_____
CHRISTINE FIZZANO CANNON, Judge